# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 4:12-CR-0011 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **RICKY JEROME SMITH** | : | |

## ORDER

AND NOW, this 23rd day of March, 2012, upon consideration of the motion to reconsider request for removal of Attorney Becker as stand-by counsel (Doc. 36), filed by *pro se* defendant Ricky Smith ("Smith"), wherein Smith requests that the court remove Stephen F. Becker, Esquire ("Attorney Becker") as stand-by counsel due to Attorney Becker's purported "obvious" misconduct and willful ineffectiveness in documenting Smith's physical injuries (see Doc. 37), and wherein Smith states that he has not heard anything from Attorney Becker since January 26, 2012, (id.), the date of Smith's initial appearance, and requests the appointment of new stand-by counsel, and it appearing that at the initial appearance Smith was permitted to proceed *pro se* and was provided with photographs documenting his physical injuries, (see Doc. 17, at 7-8), and it further appearing that due to Smith's resistance to Attorney Becker, the magistrate judge appointed Attorney Becker as stand-by counsel and instructed that Attorney Becker "is not obligated to talk to [Smith] unless and until [Smith] communicate[s] either with [Attorney Becker] or with the Court and indicate[s] that [he] would like to speak to [Attorney Becker]" (id. at 33-34), and the court finding that when a defendant proceeds *pro se*, the court may appoint an attorney to act as stand-by counsel regardless of whether the

defendant assents to the appointment, see McKaskle v. Wiggins, 465 U.S. 168, 184 (1984); United States v. Bertoli, 994 F.2d 1002 (3d Cir. 1993), and the court noting that a defendant is not required to utilize stand-by counsel, and the court concluding that there is no basis to remove Attorney Becker as stand-by counsel for Smith,[1] it is hereby ORDERED that motion to reconsider request for removal of Attorney Becker as stand-by counsel (Doc. 36) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] There is no evidence to support Smith's assertions that Attorney Becker has engaged in obvious and willful misconduct. In fact, at Smith's arraignment on January 20, 2012, the magistrate judge appointed Attorney Becker as stand-by counsel, in light of Smith's adamant requests to represent himself. (See Jan. 20, 2012 Hr'g Tr. at 19). The arraignment was the first time Smith met or spoke with Attorney Becker. Moreover, at the initial appearance on January 26, 2012, Smith was provided with the photographs documenting his injuries that were taken on January 20, 2012. (Doc. 17, at 7-9). With respect to Smith's assertion that he has not heard from Attorney Becker since the January 26 hearing, per the magistrate judge's instructions, if Smith wants the assistance of his stand-by counsel, it is Smith's obligation to contact Attorney Becker and request assistance. Attorney Becker is not obligated to contact Smith. (Id. at 33-34).