# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :   **CRIMINAL NO. 4:12-CR-0011** |
| | : |
| **v.** | :   **(Judge Conner)** |
| | : |
| **RICKY JEROME SMITH** | : |

## <u>ORDER</u>

AND NOW, this 27th day of June, 2012, upon consideration of the motion for bill of particulars (Doc. 49), filed on March 26, 2012, by *pro se* defendant Ricky Jerome Smith ("Smith"), and upon further consideration of the motion to reconsider request for bill of particulars (Doc. 64), filed on April 16, 2012, wherein Smith alleges that the three-count indictment does not specify what actions relate to each count (<u>see</u> Doc. 50), and it appearing that a motion for a bill of particulars should be granted if "the government's failure to allege factual or legal information in the indictment 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,'" <u>United States v. O'Driscoll</u>, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002) (quoting <u>United States v. Rosa</u>, 891 F.2d 1063, 1066 (3d Cir. 1989)), but that a motion for a bill of particulars should not be used as a discovery device 'to provide the defendant with the fruits of the government's investigation,' <u>O'Driscoll</u>, 203 F. Supp. 2d at 348 (quoting <u>United States v. Smith</u>, 776 F.2d 1104, 1111 (3d Cir. 1985)), and the court finding that the indictment in the above-captioned case is sufficiently particular to inform Smith of the charges against him and to allow him to prepare an appropriate defense, (<u>see</u> Doc. 1); <u>see also</u> <u>United States v. Serafini</u>, 7 F. Supp. 2d 529, 547-48 (M.D. Pa. 1998),

it is hereby ORDERED that the motion for bill of particulars (Doc. 49) and motion

to reconsider request for bill of particulars (Doc. 64) are DENIED.  See FED. R.

CRIM. P. 7(f).


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge