# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:12-CR-0011** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **RICKY JEROME SMITH** | : | |

## ORDER

AND NOW, this 27th day of June, 2012, upon consideration of the motion for speedy trial (Doc. 53), filed on April 5, 2012, by *pro se* defendant Ricky Jerome Smith ("Smith"), and upon further consideration of the motion to dismiss for speedy trial violations (Doc. 66) filed by Smith on April 16, 2012, wherein Smith complains about continuances of his trial date and purported lack of notice or input with regards to said continuances (see Docs. 54, 67), and it appearing that pursuant to the Speedy Trial Act a defendant shall be brought to trial within seventy (70) days of the filing of the indictment or the date the defendant appeared before a judicial officer of the court in which the charges are pending, whichever date is later, see 18 U.S.C. § 3161(c)(1), and it further appearing that on January 25, 2012, a federal grand jury returned a three-count indictment against Smith (Doc. 1), and the court noting that Smith has filed numerous pretrial motions (see e.g., Docs. 18, 20, 25, 27, 32, 34, 36, 38, 40, 47, 49, 59, 62, 64), some of which have yet to be disposed of, and that the court ordered an evaluation of Smith's competency to stand trial (Doc. 57), and the court observing that, pursuant to the Speedy Trial Act, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and any

"delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" are excluded in computing the time within which the trial must commence, 18 U.S.C. § 3161(h)(1)(A), (D), and the court finding that the delay in the commencement of Smith's trial is the result of the motions and competency evaluation, all of which time is excludable from the speedy trial calculation, and the court therefore concluding that there has been no violation of Smith's speedy trial rights, it is hereby ORDERED that the motion for speedy trial (Doc. 53) and motion to dismiss for speedy trial violations (Doc. 66) are DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge